## In re WALLRICH CARPETS, INC., Debtor.

## WALLRICH CARPETS, INC., Plaintiff,

### v.

### ERSAN, INC., Defendant.

**Bankruptcy No. 85–02890–BKC–TCB.
Adv. No. 86–0530–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 10, 1986.

Leslie Gern Cloyd, Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., West Palm Beach, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THOMAS C. BRITTON, Chief Judge.

In this adversary proceeding, the chapter 11 debtor seeks the recovery of $115,000 from the defendant on a promissory note which became due by its terms 10 months ago. The note is payable to the corporate debtor's principal, not the debtor. The only connection of this claim with the bankruptcy case is that the note has been assigned to the debtor.

Defendant denies the obligation and has counterclaimed asserting that the consideration for the note was the sale of a part of a business and that the condition of the business was misrepresented. It demands both compensatory and punitive damages.

There is no federal issue presented in this adversary proceeding, which is wholly

governed by state law. Under state law, defendant would be entitled to claim a jury to assess its damages for fraud in the sale of the property to be measured by the difference between the value of the property as represented and the actual value of the property at the time of the sale. *Kalb v. International Resorts, Inc.,* 396 So.2d 199, 201 (Fla.Dist.Ct.App.1981).

When this matter was called for trial on September 30, this court inquired why it should not abstain from hearing this matter. Defendant favored abstention. Plaintiff's only resistance to abstention was that this court's calendar moves with more dispatch than the state courts' and the debtor needs money. Plaintiff represented that the issues were simple and could readily be resolved by this court.

The record before me consists of the testimony of two witnesses and a stack of documentary exhibits 10 inches high. I requested memoranda from both parties not later than October 6. Defendant complied, but plaintiff's memorandum was not delivered until October 8.

This court's ability to resolve promptly the matters which only this court can decide will be destroyed if it permits its calendar to be clogged by cases such as this, which are here only because our calendar presently moves with greater dispatch.

Pursuant to § 1334(c)(1) of Title 28 and the general order of reference to this court from the District Court, this court abstains from hearing this adversary proceeding and it is dismissed without prejudice to either party instituting appropriate litigation in the appropriate state court.

The Clerk is directed to return the exhibits to plaintiff's counsel for distribution to the appropriate party.